Filed 6/18/25  P. v. Brown CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHANE BROWN,<br><br>    Defendant and Appellant. | 2d Crim. No. B334843<br>(Super. Ct. No. 23PT-00746)<br>(San Luis Obispo County)<br><br>PUBLIC – REDACTED VERSION<br>OF OPINION<br><br>Redacts material from sealed record.[1]<br>(Cal. Rules of Court, rules 8.45,<br>8.46(f)(1) and (f)(2).) |

Shane Brown appeals an order determining him to be an offender with a mental health disorder (OMHD) and committing him to the State Department of State Hospitals for involuntary treatment.  (Pen. Code, § 2962 et seq.)[2]  We conclude that sufficient evidence supports the trial court's determination that

---

[1] This case involves material from a sealed record.  In accordance with California Rules of Court, rule 8.46(f)(1) and (f)(2), we have prepared both public (redacted) and sealed (unredacted) versions of this opinion.  We hereby order the unredacted version of this opinion sealed.

[2] All statutory references are to the Penal Code.

Brown's severe mental disorder was a cause of or an aggravating factor in commission of his commitment crimes. (§ 2962, subd. (b).) We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------[REDACTED]-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------

On November 7, 2023, the Board of Parole Hearings (Board) determined that Brown was an OMHD pursuant to the criteria of section 2962. As a condition of parole, the Board required him to accept treatment from the State Department of State Hospitals.

On November 29, 2023, Brown filed a petition pursuant to section 2966, subdivision (b) to contest the Board's decision. Brown personally waived his right to a jury trial. On January 30, 2024, the trial court held a hearing and received the written reports of Doctors Dia Gunnarsson, Philip Trompetter, and Debra Warner.

--------------------------------------------------------------------------------------------------------------------------------------------[REDACTED]--------------------------------------------------------------------------------------------------------------------

-------------------------------------------[REDACTED]-------------------------------------------.

*Findings, Order, and Appeal*

The trial court expressly relied upon Trompetter's opinion and determined that Brown met each requirement of section

2962 beyond a reasonable doubt. It denied Brown's petition and committed him to the State Department of State Hospitals for treatment.

Brown appeals and contends that insufficient evidence supports the finding that his severe mental disorder was a cause of or an aggravating factor in his commitment offenses.

*DISCUSSION*

Brown asserts that Trompetter speculated that ----------------------[REDACTED]--------------------------. He further contends that Trompetter did not make his findings beyond a reasonable doubt and his opinion rested upon conjecture and speculation.

In reviewing the sufficiency of evidence to support an order made in OMHD proceedings, we review the entire record to determine if reasonable and credible evidence supports the decision of the trier of fact beyond a reasonable doubt. (*People v. Hannibal* (2006) 143 Cal.App.4th 1087, 1096; *People v. Clark* (2000) 82 Cal.App.4th 1072, 1082-1083.) We view the evidence and draw all reasonable inferences therefrom in favor of the order. (*People v. Johnson* (2020) 55 Cal.App.5th 96, 107; *Clark*, at p. 1082.) We do not reweigh the evidence or redetermine witness credibility. (*Clark*, at p. 1083.) We also do not substitute our decision for that of the trier of fact. (*Ibid.*)

Sufficient evidence and reasonable inferences therefrom support the finding beyond a reasonable doubt that Brown's severe mental disorder was a cause of or an aggravating factor in his commitment offenses. ----------------------------------------------------------------------------------------------------------------------------------------------------------[REDACTED]----------------------------------------------------------------------------------------------------------------------------------------------------------------------

4

------------------------------------------------------------------------------------
----------------------------------[REDACTED]---------------------------------
------------------------------------------------------------------------------------
------------------------------------.

The trial court properly relied upon Trompetter's expert opinion to reach its decision. The court weighed the conflicting opinions and determined expert witness credibility, accepting some reasons and rejecting others. Trompetter explained that ----------------------------------------[REDACTED]---------------------------- ----------------------------------------------------------------. The court was entitled to consider --------------------------------------------------------------- ------------------------------------------------------------------------------------ ----------------------------------.

Moreover, it is the factfinder, not the expert witness, who must determine whether the section 2962 criteria has been established beyond a reasonable doubt. (§ 2966, subd. (b) ["The standard of proof shall be beyond a reasonable doubt"].) ------------------------------------------------------------------------------------ ---------------------------------------[REDACTED]-------------------------------- --------------------------------------------------------------------.

*DISPOSITION*

We affirm the order denying the petition and committing Brown to the State Department of State Hospitals.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.        CODY, J.

5

Maral Injejikian, Judge

Superior Court County of San Luis Obispo

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lauren Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.